UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY SHIRLEY, | ) | NO. CV 16-6670-ODW (AGR) |
| Plaintiff, | ) | |
| v. | ) | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| CAPT. WOODS, et al., | ) | |
| Defendants. | ) | |

**I.**

**BACKGROUND**

On September 6, 2016, Plaintiff, a state inmate proceeding *pro se*, filed a civil rights complaint. Pursuant to the Prison Litigation Reform Act, the Court screened the complaint to determine whether it failed to state a claim on which relief may be granted. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

On October 11, 2016, the Court dismissed the complaint with leave to amend and explained the deficiencies in the complaint. (Dkt. No. 7.)

On January 23, 2017, Plaintiff filed a First Amended Complaint. The Court has again screened the complaint. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c)(1).

A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citations omitted).

A pro se complaint is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is clear the deficiencies cannot be cured by amendment. *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## II.
## ALLEGATIONS IN FIRST AMENDED COMPLAINT

The First Amended Complaint ("FAC") names five defendants: (1) Captain Woods; (2) CCII T.M. Barnes; (3) T. Lewandowski; (4) Xavier Cano; and (5) R. Fritz.

On May 12, 2015, Plaintiff appeared before the Unit Classification Committee ("UCC"). Plaintiff was informed that he would be "moving back to Facility B or D (Level 4 Yard) pending a transfer to another Level 3 Facility due to a[] RVR and my signing a 'zero tolerance' agreement," the Progressive

Programing Facility ("PPF") Agreement. (FAC at 5.)[1] Plaintiff alleges that the zero tolerance policy "has not been applied uniformly to all i/m's with similar acts." (*Id.*) Plaintiff asked to remain "on the PPF" pending transfer to another Level 3 Facility and Captain Woods denied that request. Plaintiff argued, to no avail, that other inmates – whether Mexican, White, Black or Asian – have received RVRs for the same offense or for drug offenses yet have been allowed to remain in the PPF program. (*Id.* at 5.)

On July 10, 2015, Defendant Barnes interviewed Plaintiff for first level appeals. Plaintiff asked why the administration showed favoritism to inmates who befriend them. (*Id.* at 6.) Barnes interrupted and started yelling that he and the administration "could take up reprisal against me for filing this 602 (i.e., I could make your time here a living hell; your going to be sent to ad-seg, etc.)." (*Id.* at 7.) Plaintiff remarked that the administration is "clearly raising question of prejudice being asserted against me in my individual case." (*Id.*) Barnes left the room.

Plaintiff alleges claims for discrimination in violation of equal protection and due process violations. Plaintiff seeks damages. (*Id.* at 5, 8.)

## III.

## **THE FIRST AMENDED COMPLAINT FAILS TO STATE A CLAIM**

To state a violation of 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The complaint asserts claims based on denial of procedural due process and violation of equal protection. Plaintiff also appears to allege a First Amendment claim based on retaliation.

---

[1] Page citations are to the page numbers assigned by the CM/ECF system in the header.

3

### A. Due Process

Due process protections are only available to prisoners when "the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). In determining whether a prison hardship is atypical and significant, the court looks to three guideposts: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Id.* at 1078. Conditions akin to administrative segregation do not implicate a protected liberty interest. *Id.*

The Court's previous order explained that the complaint did not allege an atypical and significant hardship in comparison to ordinary prison life. To the extent Plaintiff complains that he was transferred from Facility A to Facility B or Facility D (a Level 4 yard) pending transfer to a Level 3 institution, Plaintiff does not state a claim. *See Sandin*, 515 U.S. at 486 (segregated confinement does not present atypical, significant hardship). The First Amended Complaint has not cured that deficiency. Plaintiff's due process claim is dismissed without leave to amend. A court's discretion to deny leave to amend is "'particularly broad where plaintiff has previously amended the complaint.'" *Desaigoudar v. Meyercord*, 223 F.3d 1020, 1026 (9th Cir. 2000) (citation omitted). It is apparent that Plaintiff cannot allege facts to support a claim of an atypical and significant hardship in comparison to ordinary prison life.

**B.     Equal Protection Clause**

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

The Court's previous order explained that Plaintiff did not allege membership in a protected class and did not allege facts indicating an intent or purpose on the part of any defendant to discriminate against him based on his membership in a protected class. *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

The FAC has not cured those deficiencies. Plaintiff does not allege that he is a member of a protected class or that defendants discriminated against him based on his membership in a protected class. He alleges that prison officials have shown leniency to inmates who are Mexican, White, Black and Asian. (FAC at 5-6.)

As this court previously explained, when an equal protection claim is based on unique treatment of the plaintiff rather than on his membership in a protected class, the plaintiff may be able to state a "class of one" claim. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). A "class of one" plaintiff must allege that the defendants intentionally and without rational basis treated him differently from others similarly situated. "A class of one plaintiff must show that the discriminatory treatment 'was intentionally directed just at him, as opposed . . . to being an accident or a random act.'" *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008) (citation omitted).

The Supreme Court has indicated that a "class of one" claim may have limited application in challenges to "discretionary decisionmaking." *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591, 603-04 (2008). For example, a

traffic officer stationed on a busy highway may see many people driving over the speed limit with no basis upon which to distinguish them. "But allowing an equal protection claim on the ground that a ticket was given to one person and not others, even if for no discernible or articulable reason, would be incompatible with the discretion inherent in the challenged action." *Id.* at 604. The Ninth Circuit has held that, in such cases, there cannot be an equal protection claim "[a]bsent any pattern of generally exercising the discretion in a particular manner while treating one individual differently *and* detrimentally." *Towery v. Brewer*, 672 F.3d 650, 660-61 (9th Cir. 2012).

The FAC complaint does not adequately allege that Plaintiff was treated differently from others similarly situated. Persons are similarly situated when they are "arguably indistinguishable." *Engquist*, 553 U.S. at 601. Plaintiff makes a conclusory allegation that the zero tolerance policy is not applied uniformly to all inmates with "similar acts." (FAC at 5.) The FAC does not contain any factual basis to support an allegation that inmates who are similarly situated are treated differently.

The Court previously explained that to state a claim for selective enforcement, Plaintiff must at a minimum allege that enforcement had a discriminatory effect and that prison officials were motivated by a discriminatory purpose. *Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (en banc). To allege a discriminatory effect, Plaintiff must allege facts indicating that similarly situated inmates could have been removed from the PPF Agreement but were not. *Id.* To allege a defendant was motivated by an improper purpose, Plaintiff must allege facts that a defendant decided to enforce the rules against him on the basis of an impermissible ground such as race, religion or exercise of constitutional rights. *Id.* at 922. Again, however, the FAC does not contain facts showing that other inmates were similarly situated and that any defendant

6

enforced the rules against him based on race, religion or exercise of constitutional rights.

Plaintiff's equal protection claim is dismissed without leave to amend. As noted above, a court's discretion to deny leave to amend is "'particularly broad where plaintiff has previously amended the complaint.'" *Desaigoudar*, 223 F.3d at 1026. Plaintiff has not alleged facts to support an equal protection despite being given an opportunity to amend the complaint to do so.

### C. First Amendment Retaliation Claim

The FAC raises a new claim that appears to be based on the First Amendment. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of h[is] First Amendment rights and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that, during his interview with Defendant Barnes at the first level appeal, Barnes said that he "could take up reprisal against me for filing this 602 (i.e., I could make your time here a living hell; your going to be sent to ad-seg, etc.)." (FAC at 7.) Filing an inmate grievance is protected activity. *Rhodes*, 408 F.3d at 567. The threat of harm can be an adverse action regardless of whether it is carried out "because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). Although Plaintiff does not allege an explicit threat that adverse action would occur, an explicit threat is not required. *Id.* Plaintiff's failure to allege separately that the threat had a chilling effect is not fatal. *Rhodes*, 408 F.3d at 567 n.11 ("[a]lleging harm *and* alleging the chilling effect would seem under the circumstances to be no more than a nicety").

7

However, the FAC fails to allege that Barnes' actions did not reasonably advance a legitimate correctional goal. *Rhodes*, 408 F.3d at 568 (requiring complaint to allege that defendant's action was not undertaken to advance legitimate penological interests).

Plaintiff will be given leave to amend his First Amendment retaliation claim against Defendant Barnes. The FAC contains no allegations implicating any other defendant in this claim. *See Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (requiring facts as to what each defendant did or did not do that resulted in the violation of plaintiff's constitutional rights).

## IV.

## ORDER

For the reasons discussed above, IT IS ORDERED that (1) Plaintiff's due process and equal protection claims are dismissed with prejudice; (2) Defendants Woods, Lewandowski, Cano and Fritz are dismissed with prejudice; and (3) Plaintiff is granted leave to file a Second Amended Complaint based on a First Amendment retaliation claim against Defendant Barnes within 30 days after the date of this order.

If Plaintiff chooses to file a Second Amended Complaint, it must bear the docket number assigned to this case, be labeled "Second Amended Complaint," and be complete in and of itself without reference to previous complaints, attachments, pleadings or other documents. The Clerk is DIRECTED to provide Plaintiff with a blank Central District of California prisoner civil rights complaint form.

**Plaintiff is advised that if he fails to file a timely Second Amended Complaint within 30 days after the date of this order, this action may be dismissed.**

**IT IS SO ORDERED.**

DATED: January 30, 2017

_____
OTIS D. WRIGHT II
United States District Judge

9